HELTON *v*. SOVEREIGN CAMP OF WOODMEN OF THE WORLD.

4-2773

Opinion delivered December 19, 1932.

*C. E. Snuggs,* for appellant.

*H. M. Jacoway, Cooper Jacoway* and *Lee Miles,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that insured had complied with all the conditions of the contract, had reached the age of 70 years and was entitled to a paid-up certificate for the amount of the contract of insurance, had a vested interest therein which could not be changed by any new bylaws or assessments; and that any agreement for the paid-up certificate for a less amount was without consideration and void, and that the court erred in its finding and judgment that the benefit certificate issued to Helton, No. 1740, Ark., upon which this suit was instituted, had been surrendered by the insured during his lifetime, and that there was no liability thereunder.

Said benefit certificate No. 1740, Ark., contains these provisions: "Payments to cease after 20 years," and "His agreement to pay all assessments and dues that may be levied during the time he shall remain a member of the Woodmen of the World." The first clause "Pay-

ments to cease after 20 years'' is a marginal notation placed on the policy before its execution and delivery, while the latter is a general provision appearing in the body of the certificate by reference and doubtless appearing in every type of certificate issued to members. Provision is made for the issuance of a paid-up certificate also, and the testimony shows and the court found that a paid-up certificate was issued to the insured upon his request, and, although it was for a smaller amount than the original certificate and for a less amount than appellant now insists was due thereunder, such certificate was issued and delivered to the insured during his lifetime and accepted by him, and there was no fraud shown or alleged in its procurement. The member was doubtless liable under the provisions of the policy above set out to pay all assessments and dues during the time he remained a member of the Woodmen of the World, and his acceptance of the paid-up certificate in settlement of his rights under the original certificate cannot be said to have been made without consideration, since he could have been required to pay assessments or dues duly levied so long as he remained a member of the order under the provision of the policy, regardless of the notation ''payments to cease after 20 years,'' which doubtless was limited to the regular annual or monthly payments required for keeping the insurance in force. The regular assessments and dues had no relation to any others that might be properly levied under the constitution and bylaws during the time he remained a member.

Appellant did not recover or show any greater amount to be due him than the amount for which in its answer the appellee offered to confess judgment, and the court did not err, having found only that amount to be due, in rendering judgment therefor and for the costs as the law provides.

We find no error in the record, and the judgment is affirmed.